■ In the Matter of the Claim of WILLIAM MILLER, Appellant, against TREBUHS REALTY COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a musician employed in theatrical work. He was injured in the course of employment on November 22, 1953 as a result of a fall on the theatre premises owned by Trebuhs Realty Company, Inc. The board has held the theatre owner to have been the employer. The issue presented is whether the employer of claimant when he was injured was the theatre owner or Rodgers & Hammerstein, the producers of the show. The employer-employee relationship is to be seen as part of a complex labor bargaining practice which in some, but not all, circumstances treated the theatre building owner, rather than the producers of the show, as the employer of musicians to provide greater economic stability and protection to the musician. A third-party action was instituted in 1954 in Supreme Court against Trebuhs by claimant. Trebuhs, however, had filed a report of accident with the Workmen's Compensation Board and Rodgers & Hammerstein were later added to the proceeding on filing of claim by claimant. Before the referee claimant contended that he was employed by Rodgers & Hammerstein, the show producers, and that Trebuhs was not his employer. Claimant's

counsel advised the referee that a third-party action was pending against Trebuhs and at one point asked that the proceeding be deferred until the law action was determined. Instead of moving the Supreme Court action to trial, however, claimant fully and at great length through a long record litigated the question before the referee whether the employer was Trebuhs or Rodgers & Hammerstein. The board ruled that Trebuhs was the employer. We are of opinion that there is substantial evidence to support the decision. The owner of the theatre had, by contract with the producers, a share in the proceeds of the play; it had concededly been the employer of claimant in another theatre in which the same show by the same producers had been conducted; it actually paid claimant his wages and carried a workmen's compensation policy protecting him; it paid social security taxes on him. Rodgers & Hammerstein had an agreement with the labor union representing claimant that they were to be his employers, but never carried him on their payrolls or paid him, and the union representative and theatre owner both considered that this agreement was in the nature of an additional guarantee and did not disturb the underlying employer-employee relationship that had existed between Trebuhs and the employee when the show was in the other theatre. There is proof that the producers' representative actually selected or hired the musicians, but as to actual " control" the record is open to varied interpretations. All this would suggest that the board could reasonably have found Trebuhs to have been the employer. Claimant argues on appeal, in effect, that the determination ought to have been made the other way on the facts. Our review is more limited than that; we look to see whether there is substantial evidence to support the finding. We are of opinion that there is. Claimant does not argue that it was unreasonable not to have adjourned the proceeding until he tried his case in court. He did not insist on this and did not raise this point in his review before the board of the referee's decision. He fully litigated the issue before the referee, possibly because he felt a determination would be helpful in the Supreme Court action. Whether it would or not, and whether the adverse determination is, in the circumstances of the case, *res judicata* against claimant in the third-party action, is not necessary to decision here and is not decided. Award affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.